IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Civil No. 1:23-cr-00447-JRR |
| EDWARD JOHNSON | * | |

* * * * *

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY**

The Court has before it Defendant's Motion for Release from Custody and the Government's Opposition. (ECF Nos. 30 and 31). As set forth more fully below, the motion is **denied**.

I.   Introduction

On December 12, 2023, a Grand Jury of this Court returned an indictment against Defendant, Edward Johnson ("Mr. Johnson") charging him with Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 USC § 922(g). (ECF No. 1). Mr. Johnson initially consented to detention pending trial. (ECF No. 7). At Mr. Johnson's request, a subsequent detention hearing was conducted on February 22, 2024, after which Mr. Johnson was ordered detained based on the unreasonable risk of danger to the community that his pretrial release would pose notwithstanding any condition of release that the Court might impose. (ECF No. 18.) In that detention order, the Court cited, *inter alia*, Mr. Johnson's previous convictions for second degree murder, armed robbery and gun possession, the fact that he was on supervision at the time of the charged behavior, the recovery of guns and ammunition during a search of his home, and post-*Miranda* statements further implicating Mr. Johnson in the charged behavior. *Id.*

Case 1:23-cr-00447-JRR   Document 33   Filed 11/20/24   Page 2 of 4

On November 12, 2024, Mr. Johnson filed a Motion for Release from Custody. (ECF No. 30). In his motion, Mr. Johnson argues for release citing health problems with his wife that, in turn, require his assistance both with her care and the case of his children, one of whom has additional care needs. *Id*. Mr. Johnson argues that that situation serves as a "compelling reason" for temporary release pursuant to Section 3142(i) of the Bail Reform Act, 18 USC 3141, *et seq*. Alternatively, Mr. Johnson asked that this Court's detention decision be revisited, presumably under Section 3142(f)(2)(B), because of his positive behavior at Chesapeake Detention Facility during his pretrial detention and the additional incentive that his wife's needs and child's needs provide. The Government opposes Mr. Johnson's motion. (ECF No. 31). The Court will deny Mr. Johnson's motion.

II.     Analysis

Starting with Mr. Johnson's second argument, Section 3142(f)(2)(B) allows a court to revisit a detention decision if it finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issues of whether there are release conditions that will reasonably assure the safety of any other person in the community. *Id.* Although the Court concludes that Mr. Johnson's behavior during pretrial detention qualifies as information that obviously was not known to Mr. Johnson at the time of his detention hearing, the Court does not conclude that the information regarding Mr. Johnson's behavior at Chesapeake Detention Facility has a material bearing on the issue of whether his release from detention would pose an unreasonable risk to the safety of others in the community. Mr. Johnson's positive behavior at Chesapeake Detention Facility is certainly commendable. However, that behavior took place with all the safeguards that attendant to a federal detention

2

facility, and Mr. Johnson in essence argues that such safeguards be removed to allow for his release.

As for the extra incentive for compliance that his wife's and child's care needs provide, this does not change the Court's previous balancing. First, Mr. Johnson was on supervision at the time of the current charges, with every incentive to comply to avoid revocation and incarceration. Additionally, Mr. Johnson's child's needs are not new, and would have been present as an incentive even when he incurred the current charges.

Turning to the issue of temporary release pursuant to Section 3142(i), such release is authorized "if necessary for preparation of the person's defense or for another compelling reason." *Id*. Mr. Johnson argues that his wife's health condition and his child's care needs are another compelling reason. (ECF No. 30 at 3). In support, Mr. Johnson relies on *United States v. Lee*, 451 F.Supp.3d 1 (D.D.C. 2020). That case involved whether temporary release to account for risk that the Covid-19 virus posed to incarcerated individuals qualified as a "compelling reason." The Court found that it did not under the circumstances of the case. *Id*. at 5-6. After noting that the burden for such temporary release rests with the defendant, then District Judge, and now Supreme Court Justice, Ketanji Brown Jackson, noted as follows:

> [I]t appears that most courts that have addressed a motion for temporary release under section 3142(i) have done so in the context of evaluating the necessity of release to permit the defendant to assist with preparing his defense. Thus, there is limited prior authority regarding whether and to what extent temporary release under section 3142(i) may be justified based on "another compelling reason," and the few courts that have ordered temporary release on the basis of such a condition have done so only "sparingly" and typically in order "to permit a defendant's release where, for example he is suffering from a terminal illness or serious injuries. (citations omitted)

*Id*. at 5-6.  Justice Jackson further pointed out that the defendant had not identified an "appropriate person" in the community to supervise the release as required by Section 3142(i).  *Id*. at 10.

The Court is all too aware of the burden that pretrial detention places not only on a charged person, but on that person's family.  It is never a decision the Court takes lightly nor in a vacuum.  The Court is entirely sympathetic to the situation facing Mr. Johnson's wife and child, and his strong desire to assist in that situation.  But the Court must uphold the fundamental purposes of the Bail Reform Act to ensure that any release decision does not unreasonably pose a risk to the community.  The conduct charged is serious, the proffer strong, and Mr. Johnson's track record when other courts have placed him on supervision is not good.  Mr. Johnson has not identified an "appropriate person" in the community to supervise his release.   Further, Mr. Johnson's prior convictions including crimes involving violent conduct and firearms are significant.  Mr. Johnson is asking for release that would allow for significant unsupervised activities in the community necessitated by his wife's and child's care needs.  Such release is not consistent with the Bail Reform Act.

### III.    Conclusion

Accordingly, Mr. Johnson's motion (ECF No. 30) is **denied**.

November 20, 2024

J. Mark Coulson
U.S. Magistrate Judge